IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| NGM INSURANCE COMPANY f/k/a<br>NATIONAL GRANGE MUTUAL<br>INSURANCE COMPANY,<br><br>    *Plaintiff*,<br><br>v.<br><br>SECURED TITLE & ABSTRACT, INC.,<br>*et. al.*,<br><br>    *Defendants*.<br><br>DAVID LICKLIDER,<br><br>    *Crossclaim Plaintiff*,<br><br>v.<br><br>SECURED TITLE & ABSTRACT, INC., *et al.*,<br><br>    *Crossclaim Defendants*. | Civil Action No. 3:07CV536 |

**MEMORANDUM IN OPPOSITION
TO MOTION TO WITHDRAW AS COUNSEL**

The Defendant and Crossclaim Plaintiff, David Licklider, by counsel, offers the following memorandum of points and authorities in opposition to the motion for leave to withdraw made by counsel for the Defendants and Crossclaim Defendants, Secured Title & Abstract, Inc., Larry Davis, and Janelle Davis ("Counsel").

As an initial matter, the court must consider whether the Virginia Rules of Professional Conduct would allow for Counsel's withdrawal. *See Portsmouth Redevelopment & Hous. Auth. v.*

1

*BMI Apartments Assocs.,* 851 F. Supp. 775, 782 (E. D. Va. 1994) (decided under Virginia Code of Professional Responsibility, DR 2-108). In deciding whether to grant a withdrawal motion, a court may consider the disruptive impact the withdrawal would have on the case as a whole, including the disruption to pending motions and proceedings. *See Patterson v. Gemini Org., Ltd.*, 2000 U.S. App. LEXIS 29505 at *6-7 (4th Cir. 2000)(*citing Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). Absent compelling grounds for withdrawal, a motion to withdraw normally should be denied. *Schock v. S.C. Johnson & Sons, Inc.*, 2007 U.S. Dist. LEXIS 56725 (W.D. Va. 2007)

Rule 1.16 of the Virginia Rules of Professional Conduct, concerning Declining or Terminating Representation, is substantially similar to its predecessor, DR 2-108, and provides as follows:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:
> …
> (4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
> …
> (c) In any court proceeding, counsel of record shall not withdraw except by leave of court after compliance with notice requirements pursuant to applicable Rules of Court. In any other matter, a lawyer shall continue representation notwithstanding good cause for terminating the representation, when ordered to do so by a tribunal.

Va. Sup. Ct. R. pt. 6, sec. II, Rule 1.16 (b)(4) - (5) and (c) (2008). Paragraph (C) of the Rule requires leave of court as a condition precedent to withdrawal in any pending proceeding and this, in turn, requires the court to consider the administration of justice when deciding whether withdrawal is appropriate. Thus, a lawyer may withdraw upon satisfaction of any one of the criteria established by

2

Rule 1.16, provided that the withdrawal does not interfere with the administration of justice. *See Portsmouth Redevelopment & Hous. Auth. v. BMI Apartments Assocs.,* 851 F. Supp. at 782.

Counsels' Motion for Leave to Withdraw appears to be based on the provisions of Rule 1.16 (b)(4) and (5) described above. Counsel allege that they were retained to represent the Crossclaim Defendants on February 26, 2007. (Motion, ¶ 1.) Counsel allege that the Crossclaim Defendants "have not fulfilled the obligations of their Agreement for Legal Services." (Motion, ¶ 2.) Counsel do not elaborate on the nature of this alleged failure to fulfill obligations, nor do counsel allege that they have given the "reasonable warning" of withdrawal required by the Rule. Counsel also allege, without elaboration, that continued representation of the Crossclaim Defendants would be a hardship on counsel. (Motion, ¶ 3.) Given the mandatory nature of the Rule, Counsels' conclusory allegations and outright failure to allege all the required grounds for withdrawal should preclude their motion, in the sense that Counsel have not stated a claim on which withdrawal may be based.

The Court's inquiry, however, must go beyond whether counsel seeking leave to withdraw have met the mandatory requirements of the Rule 1.16 criteria. The overriding inquiry is whether the requested withdrawal will disrupt the administration of justice.

Counsel assert that they have represented the Crossclaim Defendants since at least February 2007. The actions that gave rise to the Crossclaim occurred in May 2007. In the past twelve months, Counsel have represented the Crossclaim Defendants in at least two state court proceedings arising out of the same set of operative facts. Counsel for the Crossclaim Defendants made their first appearances in this case in October, 2007. The trial date for this case is set for the week of June 23, 2008, three months from now.

In addition to their Answer to the Crossclaim, the Crossclaim Defendants have brought a third-party Complaint against United Bank ("Bank"), asserting that the Bank is derivatively liable

for any harm the Crossclaim Defendants have caused David Licklider. The Bank has responded with Motions to Dismiss the Third-Party Complaint. These Motions have not yet been fully briefed or heard. David Licklider served written discovery on the Crossclaim Defendants on February 26, 2008. These discovery requests have not yet been answered.

In short, the Crossclaim Defendants are in the thick of it.

Allowing Counsel to withdraw at this stage of the litigation process would result in unfair burdens on the other parties. One of the Crossclaim Defendants is a corporation and cannot appear *pro se*. The individual Crossclaim Defendants now reside outside of Virginia and are not yet amenable to service by mail. The Crossclaim Defendants are presently in default on the Bank's Motion to Dismiss and at risk of failing to respond to Licklider's discovery. Unless new lawyers are immediately substituted for withdrawing counsel, all of these proceedings are likely to grind to a halt.

Further, granting the motion to withdraw will certainly be disruptive to the scheduled resolution of this matter at the June trial. As the court noted in *Diedrich v. City of Newport News, Virginia,* "whether there would be a significant impact of withdrawal depends upon the stage of the case at which withdrawal would occur." *Diedrich v. City of Newport News, Virginia,* No. Civ. A. 4:04CV9, 2004 WL 3436073, at *2 (E.D. Va. Nov. 29, 2004) (citing Va. Sup. Ct. R. pt. 6, sec. II, Rule 1.16), *aff'd,* 126 Fed. Appx. 112 (4th Cir. 2005).

Under the circumstances of this case, the Court should not find good cause for withdrawal to exist. Given the length of Counsels' representation of the Crossclaim Defendants and the advanced stage of these proceedings, Counsel should be required to see it through. *See Patterson,* 2000 U.S. App. LEXIS 29505 at *7 (affirming district court's denial of motion to withdraw where counsel

waited a year before seeking withdrawal). Accordingly, this Court should deny Counsel's Motion for Leave to Withdraw.

DAVID LICKLIDER

By Counsel

\_\_\_\_\_/s/_____
Blackwell N. Shelley, Jr.  (VSB #28142)
Shelley & Schulte, P.C.
700 East Franklin Street, 12th Floor
P.O. Box 605
Richmond VA  23218-0605
(804) 644-9700
(804) 644-9770 [fax]
blackwell.shelley@shelleyschulte.com

**CERTIFICATE OF SERVICE**

I, Blackwell N. Shelley, Jr., certify that I will serve a copy of the foregoing document via U.S. District Court for the Eastern District of Virginia – Richmond Division Electronic Case Filing on March 10, 2008, as follows:

Jonathan B. MacDonald
Cherry Seymour & Hundley, PC
707 E. Main St., Suite 475
Richmond, Va 23219
*Counsel for Secured Title & Abstract, Larry T. Davis, and Janelle Davis*

Roger G. Nord
10627 Jones Street
Fairfax, Va 22030-5116
(703) 273-4010
*Counsel for William A. and Sharon L. Howard*

Mary Jane Hall, Esquire
KAUFMAN & CANOLES, P.C.
11817 Canon Boulevard
Suite 408
Newport News, VA 23606
*Counsel for First American Title Insurance Corporation*

Brian R. Greene
SeltzerGreene, PLC

Bank of America Center
1111 E. Main St., Suite 1720
Richmond, Va 23219
*Counsel for Victoria A. Licklider*

F. Douglass Ross, Esquire
ODIN, FELDMAN & PITTLEMAN, P.C.
9302 Lee Highway, Suite 1100
Fairfax, Virginia 22031
*Counsel for Stewart Title Guaranty Company*

　　　　　　　　　　　　　　　　/s/