IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NGM INSURANCE COMPANY**
**f/k/a NATIONAL GRANGE MUTUAL**
**INSURANCE COMPANY,**

       **Plaintiff,**

v.                Civil Action No.  3:07CV536

**SECURED TITLE & ABSTRACT, INC.,**
a Virginia Corporation, et al.,

       **Defendants.**

### MEMORANDUM OPINION

   This matter is before the Court on the motion of counsel to withdraw from the representation of Defendants Larry T. and Janelle M. Davis ("the Davises") and their defendant company, Secured Title & Abstract, Inc. ("Secured Title") (docket entry no. 65.)  The motion, which has been agreed to by said Defendants, is opposed on behalf of the Co-Defendant and Cross-claim Plaintiff, David Licklider ("Licklider") (docket entry no. 70.)  In his motion, counsel cites as the basis for his request that his clients "have not fulfilled the obligations of their Agreement for Legal Services" and that his continued representation "will operate as a hardship on Counsel."  (Mot. for Withdrawal of Counsel ¶¶ 2-3.)  Licklider objects on the basis that counsel failed to provide sufficient grounds for withdrawal and that counsel's withdrawal at this juncture of the case "will disrupt the administration of justice," including the possibility of further delay of proceedings (Mem. Opp. Mot. Withdraw as Counsel, docket entry no. 70.)

   The Court, concluding that insufficient basis for withdrawal had been provided in the motion, and the supporting memorandum of law (docket entry no. 78), directed counsel to

submit for *in camera* inspection a detailed statement of the reasons for the requested relief (Order, docket entry no. 81.) The Court has reviewed the submission and finds that it is neither necessary nor appropriate to allow access and input by any other party where the issue is entirely within the Court's discretion involving only the particular parties involved, other than the consideration of the possible adverse impact on the progress of the litigation, as noted by Licklider, of which the Court is already mindful.

The Court is satisfied from its *in camera* review of counsel's detailed submission that while issues involving the contractual relationship between attorney and client for the payment of fees and costs are not usually sufficient, alone, to override the attorney's ethical responsibilities to continue representation of a client, especially after, as here, becoming counsel of record in a pending matter, it is clear that the situation has evolved into an impasse in necessary communication and cooperation between counsel and client that precludes effective representation on a continuing basis.[1] At the same time, the Court is mindful of the impact that withdrawal would have on the progress of the case, but it concludes that such an impact will be minimal and otherwise subordinate to the ethical issues involved with any continuing, compelled representation, where the Court will permit the individual defendants (the Davises) to proceed *pro se* on their own behalf and finds the corporate defendant, Secured Title, to be in default for having failed to secure substitute counsel as required after having more than sufficient opportunity to make arrangements.[2] The Court is also mindful that counsel has been granted

---

[1] The *in camera* submission indicates that a copy was provided to the Davises, but they have not sought to provide any input in response.

[2] As noted in an earlier Order, it is well-settled, based on controlling case authority, that a corporation may only appear by counsel in a federal judicial proceeding. (Order, docket entry no.

leave to withdraw in no less than two related state proceedings involving the same parties and that an incongruous situation would necessarily result by counsel's compelled representation in this case.[3]

As to Secured Title, where a corporation cannot proceed without counsel, and where the corporation has failed to obtain substitute counsel as directed by the Court after being granted a reasonable opportunity to do so, the corporation will be found in default, in the interest of effective judicial administration, with regard to both the allegations of the original Complaint and the Licklider Cross-Claim (Mem. in Supp. Mot. ¶ 11.) where, otherwise, the proceedings would be held captive to the inaction of a party. See Allied Colloids, Inc. v. Jadair, Inc., 1998 WL 112719 (4th Cir. Mar. 16, 1998)); Belk v. Rock Haven Cmty. Care Home, Inc., 2007 WL 2152902 (D.S.C. July 25, 2007); Penn Graphics Equip., Inc. v. Globaltee Innovations, 2006 WL 3144398 (E.D. Pa. Oct. 30, 2006); Joe Hand Promotions, Inc. v. Contreras, 2006 WL 1517740 (E.D.N.Y. May 30, 2006).

An appropriate Order shall issue.

                                                                                    /s/                
Dennis W. Dohnal
United States Magistrate Judge

Dated: 4/23/08

---

80 (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (citation omitted)).

[3] The Court also notes, based on the representations of counsel, that not only have the Davises not objected to the motion to withdraw, they have affirmatively discharged counsel which requires his withdrawal with leave of court. (Mem. in Supp. Mot. for Withdrawal of Counsel ("Mem. in Supp. Mot.) ¶¶ 3, 8); Va. Code Prof. Resp. Rule 1.16(a)(3) and (c).

3