**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | ) | |
|---|---|---|
| **NGM INSURANCE COMPANY f/k/a** | ) | |
| **NATIONAL GRANGE MUTUAL** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:07CV536 |
| | ) | |
| **SECURED TITLE & ABSTRACT, INC.,** | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

This matter is before the Court on the Cross Claimant/Defendant David R. Licklider's ("Licklider") Motion to Strike the Affidavits submitted by the Cross Defendants, Larry T. Davis and Janelle M. Davis (collectively, "the Davises"), in opposition to Licklider's Motion for Summary Judgment on all of his pending claims against the Davises. (Docket No. 111). The matter is also before the Court on Licklider's Motion for Summary Judgment as to his claims against the Davises for which resolution of the Motion to Strike is necessary. (Docket No. 96). For the reasons set forth herein, each motion will be GRANTED in part and DENIED in part.

### MOTION TO STRIKE

Federal Rule of Civil Procedure 56(e)(1) provides that an affidavit that is submitted in regard to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). The Davises' affidavits (that are virtually identical, but

for some separate identifying information), are replete with inadmissible hearsay statements and actions attributed to third parties. Many of these statements refer to the actions and statements of third parties, e.g., "Marathon Bank attributed its failure to timely credit the account and transactional delays to the bank's use of an off-line wire service, computer and software problems, and deficient personal training . . . Mr. Unger [bank official] admitted that the bank was continuing to experience difficulties with 'Goldnet' and 'Community Bankers Bank' the bank's off-line wire services, and personnel training. Mr Unger confirmed that none of the problems with the escrow account were due to the action of Secured Title." (Defs.'s Mem. in Opp. of Mot. for Summ. J "Defs.'s Mem." at Ex. A - B, Davises Affs. ¶¶ 6-7 "Davises Affs.").

In essence, the hearsay statements pertain to the Davises' primary defense that they did not possess the requisite intent to breach their fiduciary duties or otherwise defraud Licklider, to whom their company, Secured Title & Abstract, Inc. ("Secured Title"), owed funds. Specifically, the Davises affidavits state that they had been assured by bank authorities that the problems concerning the drafts issued by Secured Title, which had not been supported by sufficient funds, would be corrected. Such third party statements are inadmissible and therefore cannot be considered in resolving the pending motion for summary judgment. At the same time, other statements in the affidavits reciting the Davises' self-serving protestations of a lack of fraudulent or malevolent intent (see, e.g., Davises Affs. ¶¶ 16, 18, 21, 22) are relevant and admissible in defense of the claims that include a requested enhancement for punitive damages. Accordingly, those portions of the affidavits reflecting the personal knowledge of the affiants are admissible and the motion to strike will be denied in regard to those segments.

**MOTION FOR SUMMARY JUDGMENT**

A. **Standard of Review**

Pursuant to Rule 56© of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48 (emphasis in original). Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of

evidence," or the appearance of some "metaphysical doubt" concerning a material fact. <u>Lewis v. City of Va. Beach Sheriff's Office</u>, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. <u>Williams v. Staples, Inc.</u>, 372 F.3d 662, 667 (4th Cir. 2004).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. <u>Anderson</u>, 477 U.S. at 247-48; <u>JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.</u>, 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248; <u>see also</u> <u>Hooven-Lewis v. Caldera</u>, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. <u>Anderson</u>, 477 U.S. at 248.

B. **Analysis**

Licklider has asserted two claims against the Davises and their company, Secured Title. The first claim seeks compensatory damages (including interest), punitive damages, and attorney's fees for an alleged breach of the Davises and Secured Title's fiduciary duty as closing agent on a real estate transaction in which they failed to disburse the amount due to Licklider as seller's proceeds from the transaction. (Crossclaim Plf.'s Compl. at 3-4.) Licklider asserts in the alternative that the Davises and Secured Title defrauded him by their actions in that they "knowingly and intentionally misrepresented material facts [to him], with the intent to mislead him." (Crossclaim Plf.'s Compl. at 4.) Licklider asserts that there are no disputed material facts

4

as to the allegations of either claim, where, in essence, it is undisputed that the Davises owed a fiduciary duty to Licklider as closing agents to pay him the subject sum he was due from the sale of the subject property; that they failed to do so; and that they did so with the fraudulent intent to mislead him where they knew there were insufficient funds to "cover" any draft Secured Title could issue, and yet they failed to inform him of the problem, whatever the cause. (Crossclaim Plf.'s Comp. at 1-4).

Indeed the Davises[1] concede that they and Secured Title owed a fiduciary duty to Licklider by virtue of their relationship as closing agent(s) in the subject real estate transaction. (Def.'s Mem. at 5 ("These parties never disclaimed their fiduciary duties and the obligations."); see also, Crossclaim Plf.'s Supp'l Mem. In Supp. Mot. Summ. J. at Ex. 1 ¶ 18.) However, the Davises dispute that they breached their duty to Licklider, because they were unable to exercise any control over their bank account due to a breach of fiduciary duty owed to them by their bank. (Def.'s Mem. at 6.)

It is not only clear that the Davises owed a fiduciary duty to Licklider to pay him the monies due to him as seller in the real estate transaction in which the Davises, through their company, Secured Title, acted as closing agent, it is also irrefutable that they breached that duty by failing to pay him the sale proceeds he was due and negligently using those funds to apply to other company obligations.[2]

---

[1] And, thus, Secured Title against which default judgment will be entered for its failure to appear and respond in a timely fashion, with counsel, to the allegations. (Amended Order, Apr. 24, 2008, Docket No. 86).

[2] The Court notes that as employees and agents of Secured Title, the Davises may be held personally liable for their own negligent performance in undertaking the contractual obligations of their principal (Secured Title). See Miller v. Quarles, 410 S.E.2d 639, 642 (Va.

As noted by counsel on behalf of Licklider, controlling Virginia statutory law provides that as closing agent in the subject real estate transaction, the Davises and their company were required to segregate and maintain the subject funds and pay those sums only to Licklider. Va. Code § 6.1-2.23(a). Their acknowledged failure to do so, for whatever reason, sustains the claim. (See Plf.'s Supp'l Mem. In Supp. Mot. Summ. J. at 1-4.)

At the same time, however, the claim of fraud requires, among other elements, clear and convincing proof of the requisite intent to purposely mislead. See Adkins v. Crown Auto, Inc., 488 F.3d 225, 231 (4th Cir. 2007). In this regard, the Davises protestations of "innocent" intent, premised on their reliance on the representations of the depository of the subject funds, presents disputed material issues. Nevertheless, the fraud claim must be considered as an alternate claim to that asserting breach of fiduciary duty where the same relief is being sought and any award on both claims would constitute impermissible double recovery. Accordingly, where summary judgment will be granted as to Count I of the Licklider Crossclaim that alleges breach of fiduciary duty, Count II that is premised on allegations of fraud must be dismissed. However, any evidence of fraud or other malevolent intent will be admissible in support of Licklider's remaining claim for punitive damages that must be resolved by the jury.

An appropriate order shall issue.

---

1991). As the law states, both the principal and the agent are "jointly liable to injured third parties for the agent's negligent performance of his common-law duty of reasonable care under the circumstances." Id. (citing Thurston Metals & Supply Co. v. Taylor, 230 339 S.E.2d 538, 543 (Va. 1986). As such, the Davises, as agents of Secured Title, breached their common law and fiduciary duties to Licklider by failing to disperse to him his seller's funds from the subject real estate transaction and negligently using those funds to apply to other company obligations. Thus, the Davises may be held jointly and severally liable with Secured Title for the amount awarded for Licklider's claim alleging breach of fiduciary duty.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Dated: September 11, 2008