UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| NGM INSURANCE,<br><br>    Plaintiff,<br><br>vs.<br><br>SECURED TITLE & ABSTRACT, INC., ET AL.,<br><br>    Defendant. | Case Number. 3:07CV536<br><br>STIPULATED PROTECTIVE ORDER |

## STIPULATED ORDER FOR PROTECTION OF DOCUMENTS

1. The parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Protective Order").

2. The undersigned parties hereby agree to the terms of this Protective Order, effective October 28, 2008, and further agree that, if this Protective Order is not adopted by the Court, the parties will abide by the terms of this Protective Order until a substitute order agreeable to all parties is entered by the Court.

3. This Protective Order shall govern the designation and handling of non-public, confidential proprietary, sensitive business, personal and financial information (collectively referred to as "Confidential Information"), produced by Steadfast Insurance Company ("Steadfast") pursuant to subpoena or otherwise during the course of this litigation and in connection with this litigation.

4. All documents and information designated as "Confidential" pursuant to this Protective Order and produced in connection with this litigation shall be used for purposes of this litigation only.

5. All confidential designations must be based on the good-faith belief that the

information constitutes (a) proprietary or sensitive business, personal or financial information, or (b) information subject to the legally-protected right of privacy.

6. Steadfast will designate documents or other materials as "Confidential" by affixing the following legend to each page containing any confidential material:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

7. The inadvertent production of Confidential Information which has not been marked Confidential shall not be a waiver of confidentiality, provided that the producing party promptly notifies the receiving party and Steadfast, in writing (including via e-mail), upon discovery of the inadvertent production and designates the material as "Confidential," and the receiving party agrees in writing to be bound by the terms of this Protective Order. Upon request of Steadfast and receipt of replacement materials marked "Confidential," the receiving party shall promptly return or destroy all copies of the inadvertently produced Confidential Information.

8. Any person or entity identified in paragraph 9 below to whom a confidential document may be shown or given must be advised that such documents are considered confidential and protected by disclosure by this Protective Order, and the receiving person or entity must agree in writing to be bound by the terms of this Protective Order.

9. Except as otherwise set forth herein or in any subsequent order of the Court, no Confidential Information shall be delivered, exhibited or disclosed to persons or entities other than:

(a) the parties to this action;

(b) counsel of record in this action and such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of such actions;

(c) this Court or any other Court having jurisdiction over discovery procedures in this action;

(d) any person, including employees of a party, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(e) clerical or ministerial service providers, including outside copying services, court reporters, and videographers, retained by a party's counsel to assist such counsel in connection with this matter;

(f) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation;

(f) any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

(g) any other person to whom the parties stipulate in writing.

10. The provisions of this Protective Order shall not terminate at the conclusion of this action and will continue to bind parties, non-parties, experts and consultants who produce or obtain documents pursuant to this Protective Order. Upon agreement of all counsel of record or within sixty (60) days after this action finally terminates, whichever event shall occur first, receiving counsel shall, either (i) return all Confidential material, including all copies, abstracts, summaries, or documents containing information taken from them and provided to any person (but excluding any materials, which in the judgment of receiving counsel are work product materials in its possession, custody, or control), to Steadfast or (ii) certify in writing that the materials were collected from all persons to whom they were provided by counsel and destroyed; provided, however, that one counsel of record for each party may retain one copy of all Confidential material, including all court papers, hearing or trial exhibits, and deposition exhibits.

\\\
\\\
\\\
\\\
\\\
\\\

11. This Protective Order shall not limit Steadfast's use or disclosure of its own Confidential Information for any purpose.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 28, 2008

*/s/ Blackwell N. Shelley, Jr.*
Blackwell N. Shelley, Jr. (VSB#28142)
Shelley & Schulte, PC
700 East Franklin Street, 12th Floor
Richmond, VA 23219
(804) 644-9700
(804) 644-9770 [fax]
blackwell.shelley@shelleyschulte.com

DATED: October 28, 2008

*/s/ Whitney D. Pope*
Richard D. Hoffman (CASB #76799)
Whitney D. Pope (CASB#173894)
Nixon Peabody LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
(415) 984-8200
(415) 984-8300
wpope@nixonpeabody.com

ENTER: NOV - 3 2008

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge